IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AARON MCDONALD, | |
| *Plaintiff,* | |
| **v.** | CIVIL ACTION NO. 5:20-cv-00444-TES-MSH |
| Sheriff LEONARD JOHNSON, *et al.,* | |
| *Defendants.* | |

## ORDER

Plaintiff Aaron McDonald, a prisoner in Wheeler Correctional Facility in Alamo, Georgia, filed a *pro se* Complaint [Doc. 1] under 42 U.S.C. § 1983. He also moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). [Doc. 2]. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] was granted, and Plaintiff then paid an initial partial filing fee. [Doc. 4]. On preliminary review of Plaintiff's Complaint, the United States Magistrate Judge found that Plaintiff had failed to state a claim upon which relief could be granted. [Doc. 8]. Nevertheless, Plaintiff was afforded the opportunity to recast his Complaint if he wanted to proceed with this action. [*Id.*].

Plaintiff has now filed a Recast Complaint [Doc. 10]. However, because the Recast Complaint similarly does not state a claim upon which relief could be granted, as discussed below, the Court now **DISMISSES** Plaintiff's Recast Complaint [Doc. 10] **without prejudice.**

## DISCUSSION

### A.        Preliminary Review of Plaintiff's Complaint

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review of his complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

### B.      Plaintiff's Recast Complaint[1]

---

[1] In the Order [Doc. 8] instructing Plaintiff to recast his original Complaint, the United States Magistrate Judge informed Plaintiff that a recast complaint would then take the place of an original complaint, such that this Court would not look back to the original complaint to determine whether Plaintiff had stated a claim. [Doc. 8, p. 6]. Despite this warning, Plaintiff's Recast Complaint [Doc. 10] is more minimal than his original Complaint and omits certain information necessary to understand Plaintiff's claims. *See generally* [Doc. 10]. Thus, in order to provide a complete picture, the Court has used some of the facts recited in his original Complaint for this Order.

Plaintiff asserts that on September 13, 2017, he was shot in the right elbow for which he was receiving treatment in "free world facilities." [Doc. 1, p. 5]. His right arm and hand were injured in the shooting. [*Id.*]. Plaintiff also alleges that around November 13, 2017 through the end of December 2017, he was repeatedly refused medical attention relating to his injuries. [*Id.*]; [Doc. 10, pp. 7–8]. During this time, Plaintiff sent a number of requests to the medical department, but he received no treatment. [Doc. 1, p. 5]. Due to the lack of care, Plaintiff's arm began to turn blue and stayed that way for six weeks. [*Id.*]. Thereafter, Plaintiff's family hired a lawyer in an effort to have Plaintiff taken to the hospital for a doctor's appointment. [*Id.*].

Since that time, Plaintiff has continued to have problems with his right arm and hand, and he "struggle[s] to stay pain free." [*Id.*]. Construing Plaintiff's allegations broadly, it appears that he also claims that the lawyer his family retained for him had been pursuing an action on his behalf but then quit representing him two weeks before his case was set for trial. [*Id.* at p. 6]. In his Recast Complaint, Plaintiff names Sheriff Leonard Johnson, jailer Ervin Burnam, medical staff member Regina Harris, Dr. Richard Chase, and staff member Jarvis Dolphon as defendants. [Doc. 10, p. 4].

As an initial matter, it appears from the face of Plaintiff's Complaint that the statute of limitations bars his claims. On this point, § 1983 has no statute of limitations of its own, and instead, the forum state's general personal injury statute of limitations applies in these cases. *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*,

471 U.S. 261 (1985)). In this matter, Georgia's two-year personal injury statute of limitations governs here. *Reynolds v. Murray*, 170 F. App'x 49, 50–51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)).

Plaintiff asserts that his injury occurred in September 2017 and that the events underlying his claims took place from November through December 2017. Plaintiff did not, however, file his Complaint until late 2020—approximately three years later. Although the United States Magistrate Judge addressed this apparent untimeliness, noting that no basis for tolling appeared on the face of the Complaint, Plaintiff's Recast Complaint does not provide any additional information suggesting that tolling is appropriate. To the contrary, Plaintiff's Recast Complaint specifically states that the events took place in November and December 2017. Thus, Plaintiff's Complaint is time-barred.

Moreover, even if Plaintiff had filed this Complaint within the statute of limitations, his allegations as to the failure to provide treatment are too vague to state a claim for relief. In this regard, Plaintiff has not provided any specific information about the alleged initial failure to treat his injury, such as what medical attention he needed and did not receive, what he did to try to get his injury treated, or who was responsible for failing to provide Plaintiff with medical treatment.

In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively

serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." *Id.*

Here, Plaintiff has arguably alleged facts showing that he had a serious medical need insofar as he sustained a gunshot wound. Moreover, although Plaintiff had apparently received some treatment before his confinement in the Macon County

Sheriff's Department, his allegations suggest that he still needed further treatment, as the failure to treat resulted in his arm turning blue and causing him pain.

Plaintiff has not, however, alleged facts showing that any named Defendant was deliberately indifferent to his needs. In this regard, Plaintiff has not made any specific allegations linking the named Defendants to his claims. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (citations omitted). A district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

Plaintiff has failed to state specific allegations connecting the named Defendants in this action to his claims, and therefore, has not shown that any Defendant was aware of and disregarded Plaintiff's medical needs. Thus, Plaintiff has not stated a claim upon which relief may be granted. For the reasons discussed above, the Court **DISMISSES** Plaintiff's Recast Complaint [Doc. 10] **without prejudice** for failure to state a claim.

**SO ORDERED**, this 27th day of April, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

7